Charles F. BOWLIN, Appellant,

v.

The PITTSBURGH AND LAKE ERIE
RAILROAD COMPANY, a
Corporation.

No. 13939.

United States Court of Appeals
Third Circuit.

Argued Nov. 1, 1962.

Decided Nov. 21, 1962.

Thomas Park Shearer, Pittsburgh, Pa., (Brandon & Shearer, Pittsburgh, Pa., on the brief), for appellant.

Gordon E. Neuenschwander, Pittsburgh, Pa., for appellee.

Before STALEY, HASTIE and SMITH, Circuit Judges.

PER CURIAM.

This is a Federal Employers' Liability Act case in which the complaint was dismissed on motion before trial. The order of dismissal recites "that plaintiff's pleadings and Pretrial Narrative Statement do not sufficiently allege negligence on the part of the defendant". The plaintiff has appealed.

The complaint asserted that the plaintiff, a trainman employed by the defendant, was injured on his job when rust from a freight car, recently loaded with scrap, fell into his eye. The complaint further alleged that the plaintiff "believes, and therefore avers, that the said injuries were caused by the negligent, wrongful and unlawful acts of the defendant." The defendant filed an answer without objecting in any way to the plaintiff's failure to specify the negligent conduct upon which he relied. Thereafter, the plaintiff filed a pretrial statement, in accordance with the practice prevailing in the Western District of Pennsylvania, wherein he alleged that "the plaintiff bases his claim solely on the negligence of the defendant in failing to provide him with a safe place in which to work, in that at approximately 5:30 p. m. on October 2, 1959 the plaintiff was engaged in switching certain railroad cars on the Amper Scrap Yard track when, because of the overloaded condition of the cars, rust fell from the car and a portion of it entered the plaintiff's right eye". The defendant filed a pretrial statement asserting that there was nothing unusual or improper in its conduct in the premises or in the movement of the car from which rust was said to have fallen.

With the matter in this posture, the case came to pretrial, during the course of which the court expressed the thought that the plaintiff's complaint was inadequate. The defendant responded with an oral motion for dismissal of the complaint "on the ground that it failed to specifically allege the negligence of the Defendant employer". The order of dismissal followed.

While the plaintiff may experience difficulty in proving that a car was improperly loaded in such manner as to create an unreasonable risk of injury through the dropping of rust upon a trainman working on or near it, he has made it

reasonably clear that this is what he claims and will attempt to establish. We are satisfied that the complaint, as thus explained and amplified in the pretrial statement, was sufficient to entitle the plaintiff to a trial on the merits of his claim.

The judgment will be reversed and the cause remanded for proceedings consistent with this opinion.